ORIGINAL

FILED
JAN 13 2011
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims
No. 10-443C

(Initially filed: January 12, 2011)

(Reissued for publication: January 13, 2011)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | )  | |
|---|---|---|
| **ANTHONY M. BUSSIE,** | ) | Alleged breach of contract; subject matter |
| | ) | jurisdiction; failure to state a claim |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anthony M. Bussie, *pro se*, Camden, NJ.

Lauren A. Weeman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Tony West, Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

In this action, plaintiff Anthony Bussie asserts that he performed psychic services for presidential administrations for which he has not been compensated. Mr. Bussie requests that this court award him damages in the amount of $50,000,000.00 for the assistance he alleges to have rendered. Pending before the court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

BACKGROUND

On July 8, 2010, Mr. Bussie filed a collection of documents consisting of copies of pay stubs, claims for benefits, and a docket sheet that he filed in the United States District Court for the District of New Jersey on December 28, 2009. On July 22, 2010, the court issued an order

1

requesting that Mr. Bussie file a complaint in compliance with the requirements of RCFC 8 and 10. On August 6, 2010, Mr. Bussie submitted two letters captioned "Rule #8" and "Rule #10," respectively. The court accordingly issued an order directing that these submissions be filed and treated as plaintiff's complaint.[1]

In his complaint, Mr. Bussie contends that he performed what he characterizes as "[r]emote [v]iew or [p]sychic work" for presidential administrations for which he has not received recompense. Compl. at 1. Mr. Bussie avers that he provided such services for eight years on matters apparently related to terrorism and the conflicts in Iraq and Afghanistan. *Id.* Mr. Bussie also appears to allege that he assisted in pursuing "[h]igh [v]alue [t]argets[,]" such as Al-Qaeda operatives and "9/11 mastermind[s]." *Id.* Mr. Bussie claims that he is entitled to compensation for these services under the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified as amended at 42 U.S.C. §§ 2000a, 2000e-5, 2000e-16, 29 U.S.C. §§ 626, 633a, 794a). More generally, Mr. Bussie asserts that "[i]t is also criminal or against federal law not to pay." *Id.* He names as defendants the United States of America, former President Bush, President Obama, and other former and current government officials. *Id.* at 2.

In its motion to dismiss, the government contends that Mr. Bussie has failed to articulate any claim that might be within this court's jurisdictional reach because Mr. Bussie "does not invoke any constitutional provisions or money-mandating statutes in the complaint." Def.'s Mot. to Dismiss ("Def.'s Mot.") at 7. The government additionally argues that to the extent Mr. Bussie argues claims in tort or seeks punitive damages, those claims and attendant requests for relief fall outside the ambit of this court's jurisdiction. *Id.* The government also avers that none of the individuals whom Mr. Bussie names as defendants in his complaint may be properly sued in this court. *Id.* at 6.

Mr. Bussie responds by stating that he seeks to "[u]nderstand[] what the United State[s] Constitution and federal law" mean through the present litigation. Pl.'s Resp. at 1. Mr. Bussie asks particularly that the court resolve the present case with an "understanding" of Chapter 113 of Title 18, Chapter 13 of Title 18, Chapter 34 of Title 50, "Supreme Law United States v Russell, 80 U.S. 13 Wall[,]" and the Federal Acquisition Regulations ("FAR"). *Id.*

STANDARDS FOR DECISION

A. *Pro Se Plaintiffs*

A complaint filed by a plaintiff proceeding *pro se* "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980). To that end, "[i]n *pro se* cases, courts have traditionally 'strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed.'" *Doyle v. United States*, 88 Fed. Cl. 314, 319 (2009) (quoting *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969)). Nonetheless, "[t]here is no duty [on the part] of the trial court . . . to create a claim which [a plaintiff] has not spelled out in his

---

[1]In due course, the court granted Mr. Bussie's application to proceed *in forma pauperis*.

pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quoting *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (internal quotations omitted).

### B. *Subject Matter Jurisdiction*

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI Am., Inc. v. United States*, 68 Fed. Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998)). As the plaintiff, Mr. Bussie bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over his claim. *De Maio v. United States*, 93 Fed. Cl. 205, 209 (2010); *see also* RCFC 8(a)(1) (Plaintiff must include in its pleading "a short and plain statement of the grounds for the court's jurisdiction."). "[T]he leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Biddulph v. United States*, 74 Fed. Cl. 765 (2006)).

When considering a motion to dismiss for lack of subject matter jurisdiction, the court "accepts as true the undisputed allegations in the complaint, and draws all reasonable inferences in favor of the plaintiff." *De Maio*, 93 Fed. Cl. at 209 (citing *Hamlet v. United States*, 873 F.2d 1414, 1415-16 (Fed. Cir. 1989)). When a defendant or the court challenges the court's jurisdiction, "the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction." *Hall v. United States*, 91 Fed. Cl. 762, 770 (2010) (quoting *Murphy v. United States*, 69 Fed. Cl. 593, 600 (2006)).

The Tucker Act grants this court jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act itself does not create a substantive cause of action; . . . to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* portion) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Where a plaintiff alleges that a statute provides the right to money damages, the statute must be "'reasonably amen[]able' to the interpretation that it 'mandates a right of recovery in damages.'" *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003)).

### C. *Failure to State a Claim*

Pursuant to RCFC 8(a)(2), a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss for failure to state a claim tests the sufficiency of a plaintiff's complaint and requires the court to determine whether a plaintiff has met the threshold standard of RCFC 8. As in a review for subject matter jurisdiction, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest."

3

*Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Constant v. United States*, 929 F.2d 654, 658 (Fed. Cir. 1991)). Thus, while a plaintiff's *pro se* status may explain ambiguities found in the plaintiff's complaint, "it does not excuse its failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

A complaint will survive a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). Unlike factual allegations, however, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Once the court excises any conclusory or formulaic components of a plaintiff's complaint, the court must determine whether the remaining factual allegations in the complaint "plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct. at 1951; *see also Dobyns v. United States*, 91 Fed. Cl. 412, 423 (2010) (describing *Iqbal*'s two-pronged approach to evaluating the sufficiency of a complaint).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "To state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has pled adequate facts such that the court may infer that his entitlement to relief is plausible — not merely possible — the court must "draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

Thus, the standard a plaintiff must meet to survive a motion to dismiss for failure to state a claim "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "Naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

DISCUSSION

A.  *Jurisdiction*

1.  *Claims against parties other than the United States.*

"[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). If a plaintiff names private parties in its complaint, the Court of Federal Claims "has

no jurisdiction to hear those allegations" and must dismiss those portions of a plaintiff's claim. *Hall*, 91 Fed. Cl. at 771 (quoting *Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007)); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought [in the Court of Federal Claims] is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Accordingly, the court must dismiss plaintiff's claim for lack of subject matter jurisdiction to the extent that Mr. Bussie seeks redress against individuals, whether current or former governmental officials.

   2. *Punitive damages.*

To the extent that Mr. Bussie requests punitive damages, this court lacks jurisdiction to adjudicate the claim. *See Environmental Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010) ("The Court of Federal Claims has no jurisdiction to grant punitive damages." (citing 28 U.S.C. § 1491(a); *Mastrolia v. United States*, 91 Fed. Cl. 369, 382 (2010) ("It is well-established that the Court of Federal Claims lacks authority to grant punitive damages."))). Accordingly, plaintiff's claim for punitive damages is dismissed for lack of subject matter jurisdiction.

   3. *The Lilly Ledbetter Fair Pay Act of 2009.*

In support of his contention that he is owed compensation for services provided, Mr. Bussie cites the Lilly Ledbetter Fair Pay Act of 2009 ("the Act"). Compl. at 1. Among other things, the Act amended Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 253-66 (codified as amended at 42 U.S.C. §§ 2000e to 2000e-17), by adding the following section:

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). The purpose of the Act was to change the law regarding the statute of limitations for pay compensation claims in response to the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007). *See Noel v. Boeing Co.*, 622 F.3d 266, 271 (3d. Cir. 2010) (quoting *Mikula v. Allegheny Cnty. of Pa.*, 583 F.3d 181, 184 (3d. Cir. 2009)). In *Ledbetter*, the Court held that the setting of an employee's pay was a discrete act that triggers the statute of limitations period for filing a claim with the Equal Employment Opportunity Commission and that a new violation of Title VII does not commence "upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination." 550 U.S. at 628. Under the Act, however, "each paycheck that stems

5

from a discriminatory compensation decision or pay structure is a tainted, independent employment-action that commences the administrative statute of limitations." *Noel*, 622 F.3d at 271.

Thus, the Act does not itself create a money-mandating right upon which Mr. Bussie can rely to satisfy the jurisdictional requirements of the Tucker Act; rather, the Act clarifies what constitutes an unlawful employment practice for purposes of Title VII and serves to toll or extend the limitations period for ongoing employment discrimination. To the extent that Mr. Bussie's citation to the Act was an effort to ground his claims in Title VII itself, this court lacks jurisdiction to adjudicate such a claim. *See Hwang v. United States*, 94 Fed. Cl. 259, 269 (2010); *Searles v. United States*, 88 Fed. Cl. 801, 804-05 (2009). Such claims are within the exclusive jurisdiction of the federal district courts. *See Searles*, 88 Fed. Cl. at 805 (citing 28 U.S.C. § 1343; 42 U.S.C. §§ 1983, 1988, 2000e-5). Accordingly, to the extent that Mr. Bussie's claim is predicated upon the Act or Title VII, it is dismissed for lack of jurisdiction.

4. *Provisions of Titles 18 and 50.*

Mr. Bussie's contention that his case should be resolved with an "understanding" of Chapter 113 of Title 18, Chapter 13 of Title 18, and Chapter 34 of Title 50, *see* Pl.'s Resp. at 1, also fails to state a claim cognizable by this court. Chapter 113 of Title 18 specifies criminal sanctions for various property crimes, Chapter 13 of Title 18 authorizes criminal penalties for certain actions relating to the infringement of civil rights, and Chapter 34 of Title 50 governs the declaration and handling of national emergencies by the President. Even if Mr. Bussie had pled sufficient facts which might relate his claim in some manner to the subject matter of the aforementioned statutes – which he has not – none of the cited provisions could engender jurisdiction in this court.

5. *Contract.*

Mr. Bussie does not allege that he entered into a contract, express or implied, with the United States government under which he would provide his psychic services for a compensation of $50,000,000.00. In his complaint, Mr. Bussie refers to his attendance at procurement training in New Jersey, mentions contract awards for "surveillances" by other companies, and cites to the FAR. Compl. at 2. The court will assume that Mr. Bussie attempts by these references to argue that a contract existed between Mr. Bussie and an official of the government of the United States which entitled Mr. Bussie to compensation for the services he alleges he furnished. Generally, claims for breach of contract fall within the jurisdictional grant of the Tucker Act. *See* 28 U.S.C. § 1491(a)(1). Accordingly, the government's motion to dismiss Mr. Bussie's claim for lack of subject matter jurisdiction is denied to the extent that Mr. Bussie intended to allege that he performed work for the government pursuant to a contract.

6. *Takings.*

In his response to the government's motion to dismiss, Mr. Bussie includes a citation to "Supreme Law United States v. Russell, 80 U.S. 13 Wall." Pl.'s Resp. at 1. The court assumes

that Mr. Bussie intended to refer to *United States v. Russell*, 80 U.S. (13 Wall.) 623 (1871), and will evaluate his claim in light of that decision.

In *Russell*, the owner of three steamboats permitted the United States Army to employ his ships to transport Union troops during the Civil War. 80 U.S. (13 Wall.) at 628. The owner did not agree to any fixed compensation prior to the use of his boats. *Id.* Although the government made some payments, the owner demanded and was denied a more generous compensation. *Id.* The Court determined that the taking was permissible in light of the imminent public danger the War presented, but that the United States was nonetheless required to compensate the plaintiff fully under the takings clause of the Fifth Amendment. *Id.* at 629.

*Russell*'s relevance is not apparent, but the court will interpret plaintiff's citation to the case as an attempt to allege a Fifth Amendment takings claim.[2] Fifth Amendment takings cases are within the jurisdiction of the court. Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction is denied as to Mr. Bussie's takings claim.

### B. *Failure to State a Claim.*

1. *Contract.*

Although Mr. Bussie's contract claim survives the government's motion to dismiss for lack of subject matter jurisdiction, Mr. Bussie's complaint must set out sufficient facts to state a claim that is, at a minimum, plausible on its face. *Iqbal*, 129 S.Ct. at 1949.

The Tucker Act provides jurisdiction over express and implied-in-fact contracts. *See California v. United States*, 271 F.3d 1377, 1382 (Fed. Cir. 2001); *Barrett Refining Corp. v. United States*, 242 F.3d 1055, 1059 (Fed. Cir. 2001); *Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009), *aff'd*, 347 Fed. Appx. 581 (Fed. Cir. 2009). The elements of express and implied-in-fact contracts are identical; only the manner of proof differs. *See Aboo*, 86 Fed. Cl. at 626; *O. Ahlborg & Sons, Inc. v. United States*, 74 Fed. Cl. 178, 191 (2006). A plaintiff must show: (1) mutuality of intent to contract, (2) consideration, (3) unambiguous offer and acceptance, and, (4) if the United States is a party to the contract, plaintiff must also show that the party who entered the contract on behalf of the United States had actual authority to bind the government. *See Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009); *see also Aboo*, 86 Fed. Cl. at 627; *O. Ahlborg & Sons*, 74 Fed. Cl. at 191. "[A]n implied-in-fact contract is one founded upon a meeting of minds and is inferred, as a fact, from the conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *O. Ahlborg & Sons*, 74 Fed. Cl. at 191 (quoting *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (internal quotations and citation omitted)).

---

[2]As a precedent, *Russell* has been weakened by later decisions rendered by the Supreme Court. *See Doe v. United States*, __ Fed. Cl. __, __, 2010 WL 4852390, at *15 (Nov. 10, 2010) (citing cases demonstrating the diminishing weight of *Russell*'s holding in instances of imminent military necessity or actual combat).

Mr. Bussie has not provided the court with any facts that might form an adequate predicate to a claim for breach of contract against the government. In his complaint, Mr. Bussie merely offers the unembellished allegation that he has performed psychic work for the government and that the government owes him $50,000,000.00 dollars for such work. *See* Compl. at 1. Mr. Bussie does not present to the court, in either his complaint or his response to the government's motion to dismiss, a factual account that would allow the court to infer that Mr. Bussie could satisfy the required elements for a showing of an express or implied-in-fact contract with the government. He avers that "[he] attended procurement training in Burlington, New Jersey" and "followed the guidelines to do business with any agency in the United States," and that businesses such as "CACI, Spa War, Trans Atlantic and Black Water or XE" were "awarded contract[s] for surveillances." *Id*. at 2. Those averments do not address work by Mr. Bussie for the government. In short, Mr. Bussie's claim falls squarely within the class of allegations that the Supreme Court has classified as undeserving of the presumption of truth. *See Iqbal*, 129 S.Ct. at 1951 ("It is the conclusory nature of [a plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

Accordingly, the portion of Mr. Bussie's complaint that appears to allege a contract claim is dismissed for failure to state a claim upon which relief can be granted.

2. *Takings.*

A plaintiff alleging a Fifth Amendment takings claim "must show that the United States, by some specific action, took a private property interest for public use without just compensation." *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010) (quoting *Husband v. United States*, 90 Fed. Cl. 29, 35 (2009) (internal quotations and citation omitted)). As a threshold matter, the court must determine whether the plaintiff has "a property interest for purposes of the Fifth Amendment." *Members of Peanut Quota Holders Ass'n, Inc. v. United States*, 421 F.3d 1323, 1330 (Fed. Cir. 2005) (citing *Conti v. United States*, 291 F.3d 1334, 1339 (Fed. Cir. 2002)). If the court finds that a plaintiff does indeed possess a property interest cognizable under the Fifth Amendment, it must then "determine whether a part or a whole of that interest has been appropriated by the government for the benefit of the public." *Members of Peanut Quota Holders Ass'n*, 421 F.3d at 1330 (citing *Conti*, 291 F.3d at 1339).

"When the [g]overnment and private parties contract . . . the private party usually acquires an intangible property interest within the meaning of the Takings Clause in the contract." *Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cir. 2004). Here, however, Mr. Bussie has failed to state a claim for breach of an express or implied-in-fact contract; correlatively, Mr. Bussie has failed to articulate facts demonstrating that he possessed a property interest for the purposes of the Fifth Amendment based upon an appropriation of a contractual right to compensation for his psychic work. Accordingly, to the extent Mr. Bussie intended to include a takings claim within his complaint, that portion of his complaint is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Mr. Bussie's complaint fails to satisfy the most lenient standards of pleading the court may employ. For the reasons stated, the government's motion to dismiss is GRANTED. The clerk shall enter judgment in accord with this decision.

IT IS SO ORDERED.

_____
Charles F. Lettow
Judge